### SIMS v. SIMS' ESTATE.  (No. 991.)

(Court of Civil Appeals of Texas. Beaumont. June 18, 1923. Rehearing Denied June 27, 1923.)

Wills ⚖➜324(3)—Evidence held insufficient to raise issue of undue influence.

Where a wife contested her deceased husband's will on the ground of undue influence, deceased's sister-in-law and her children being the chief beneficiaries, evidence *held* insufficient to raise an issue of undue influence.

Appeal from District Court, Navarro County; Hawkins Scarborough, Judge.

Suit by Ella Sims against the estate of A. H. Sims, deceased. From a judgment admitting decedent's will to probate, she appeals. Affirmed.

W. E. Spell, of Waco, and Callicutt & Johnson, of Corsicana, for appellant.
Richard Mays, of Corsicana, for appellees.

WALKER, J. This is an appeal by Mrs. Ella Sims from a judgment of the district court of Navarro county admitting to probate the last will and testament of her deceased husband, A. H. Sims. While other issues were raised by the pleadings, they were abandoned, on this appeal, and the sole question before us relates to the action of the court in instructing a verdict in favor of appellees, and his refusal to submit to the jury the issue that the execution of the will was induced and procured by appellees through the exercise by them of an undue influence over testator. We have carefully examined all the testimony in the record, and, in our judgment, there is not even a scintilla of evidence raising that issue. The will was executed about 1906, at a time when testator and his wife were having domestic troubles, with which appellees had no connection, and it is not even suggested that the will was executed at that time through the influence or at the suggestion of appellees. Testator did not die until about 1919. During all the years subsequent to the execution of the will it was in the possession of a sister-in-law, who, with with her children, were the chief beneficiaries under his will. Appellant knew during these years that a will had been executed, and probably knew who had it in custody. Testator was very fond of appellees, and manifested his affection in many ways. Likewise they were very fond of him, and very affectionate toward him when he visited them in their home, or when they met him away from their home. He had been intimately associated with them all their lives, and had at one time lived in their home. There is not a suggestion that appellees, or any one else, ever asked him to remember them in his will, or that they tried to influence him in any way in relation to his property. He was an intelligent man, understood his business, understood his duty to his wife and to these appellees, and the effect of his will. Having made a disposition of his property in 1906, he did not change it. The statement we have made, in our judgment, fairly reflects every inference that could be drawn from the evidence. This falls far short of raising an issue of undue influence. Holmes v. Houston (Tex. Civ. App.) 241 S. W. 1039.

Affirmed.

---

⚖➜For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes